UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERMAN L. THOMAS,

    Plaintiff,

v.   CASE NO. 8:12-cv-761-T-27MAP

JOSEPH L. ADAMS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's to Proceed on Appeal *in Forma Pauperis* (doc. 42). On November 15, 2012, Plaintiff filed a Notice of Appeal, challenging the Court's order dismissing his complaint (doc. 39).

Plaintiff has no absolute right to appeal *in forma pauperis.* To the contrary, his ability to appeal without prepayment of fees and costs is conditioned by 28 U.S.C. § 1915(a)(3), which provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.; see also Busch v. County of Volusia,* 189 F.R.D. 687, 691 (M.D.Fla. 1999). An appeal that is plainly frivolous is not taken in good faith. *See United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997). *See generally Napier v. Preslicka,* 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001) (same); *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (case is frivolous for IFP purposes if, at any stage of the proceedings, it appears the plaintiff "has little or no chance of success").

For the same reasons cited by the district judge in the order dismissing the Plaintiff's

complaint (doc. 39), I find Plaintiff has failed to identify any colorable basis for appeal or for concluding that the Court's order dismissing the complaint was in error. Moreover, the Court has been unable to discern any such basis. I also note that Plaintiff has failed to comply with the requirements to proceed in *forma pauperis*. Under 28 U.S.C. § 1915(a)(1) any person requesting an appeal without prepayment of fees must submit "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees court fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal, and affiant's belief that the person is entitled to redress." Plaintiff has failed to file an affidavit with his motion to reflect his indigent status. Accordingly, this Court concludes that the instant appeal is not taken in good faith, that it is plainly frivolous, and that Plaintiff has little or no chance of success. He is therefore ineligible for *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a)(3). It is therefore

RECOMMENDED:

1. that Plaintiff's Motion to Proceed on Appeal *in Forma Pauperis* (doc. 42) be **DENIED**.

IT IS SO REPORTED at Tampa, Florida on December 4, 2012.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: The Honorable James D. Whittemore
    Counsel of Record